UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD HOWARD BRODT, SR.,

    Plaintiff,

    v.

COUNTY OF HARFORD, et al.,

    Defendants.

Civil Action No. 13-1756 (JDB)

## MEMORANDUM OPINION

Plaintiff Ronald Brodt, Sr., proceeding pro se, brings this suit pursuant to 42 U.S.C. § 1983 against defendants Harford County, Harford County District Court, Harford County Circuit Court, L. Jesse Bane, Harford County Office of the Sheriff, and "DOES 1-20."[1] Brodt seeks injunctive and monetary relief for purported violations of the Fourth, Fifth, and Fourteenth Amendments to the Constitution, for false arrest and false imprisonment, and for a defective arrest warrant that purportedly violated the Fourth Amendment and the federal False Claims Act. Pl.'s Compl. [ECF No. 1] ¶¶ 46-66. He alleges that he was improperly arrested, that he was improperly detained, and that the warrant for his arrest was deficient. Id. ¶¶ 3, 10, 11. Defendants have moved to dismiss his complaint or, in the alternative, for summary judgment, on several grounds. Brodt filed a late opposition to defendants' motion, and defendants did not file a reply brief. Because the Court concludes that venue is improper in the District of Columbia, but that venue is proper in the U.S. District Court for the District of Maryland, the Court will transfer the case to the District of Maryland.

---

[1] Although Brodt purports to sue "DOES 1-20," none of the allegations in his complaint relate to these unidentified individuals, and so the Court will not consider them in its analysis.

1

## STANDARDS OF REVIEW

Federal courts have leeway to "choose among threshold grounds for denying audience to a case on the merits." Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 431 (2007) (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585 (1999)). "[C]ertain nonmerits, nonjurisdictional issues may be addressed preliminarily, because '[j]urisdiction is vital only if the court proposes to issue a judgment on the merits.'" Pub. Citizen v. U.S. Dist. Court for D.C., 486 F.3d 1342, 1348 (D.C. Cir. 2007) (alterations in original) (quoting Sinochem, 549 U.S. at 431) (internal quotation marks omitted). Thus, it is appropriate for this Court to decide defendants' challenge to venue before addressing the challenge to subject-matter jurisdiction. See Shay v. Sight & Sound Sys., Inc., 668 F. Supp. 2d 80, 82 (D.D.C. 2009) ("[A] court may decide questions of venue before addressing issues of personal or subject matter jurisdiction."); Aftab v. Gonzalez, 597 F. Supp. 2d 76, 79 (D.D.C. 2009) ("Adjudicative efficiency favors resolving the venue issue before addressing whether subject matter jurisdiction exists.").

In ruling on a motion to dismiss for improper venue, the Court must accept all well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the plaintiff. Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 277 (D.D.C. 2002); 2215 Fifth St. Assocs. v. U-Haul Int'l, Inc., 148 F. Supp. 2d 50, 54 (D.D.C. 2001). But the Court need not accept as true inferences that are unsupported by the facts set out in the complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). It may, however, consider material outside of the pleadings. Cooper v. Farmers New Century Ins. Co., 593 F. Supp. 2d 14, 18 (D.D.C. 2008) (noting that "[w]hen deciding a Rule 12(b)(3) motion to dismiss for lack of venue, the court may consider extrinsic evidence"); Artis v.

Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) ("A court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or subject-matter jurisdiction.") (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." Williams v. GEICO Corp., 792 F. Supp. 2d 58, 62 (D.D.C. 2011) (internal quotation marks and citation omitted); see also 15 Charles Alan Wright et al., Federal Practice and Procedure § 3826, at 258 (2d ed. 1986 & Supp. 2006) ("[W]hen [an] objection has been raised, the burden is on the plaintiff to establish that the district he chose is a proper venue."). To prevail on a motion to dismiss for improper venue, "the defendant must present facts that will defeat the plaintiff's assertion of venue." Thomas v. Potter, No. 05-1923, 2006 WL 314561, at *1 (D.D.C. Feb. 9, 2006).

Some venue resolutions rest on determinations about personal jurisdiction. See 28 U.S.C. § 1391(b)(3). Under Federal Rule of Civil Procedure 12(b)(2), a plaintiff bears the burden of establishing a court's personal jurisdiction over a defendant. Where, as here, there has been no jurisdictional discovery, a plaintiff need only make a prima facie showing of the pertinent jurisdictional facts to meet that burden. See Mwani v. bin Laden, 417 F.3d 1, 7 (D.C. Cir. 2005); see also Brunson v. Kalil & Co., Inc., 404 F. Supp. 2d 221, 226 (D.D.C. 2005). "Moreover, to establish a prima facie case, plaintiffs are not limited to evidence that meets the standards of admissibility required by the district court. Rather, they may rest their argument on their pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain." Mwani, 417 F.3d at 7. Nevertheless, a plaintiff must allege "specific facts upon which personal jurisdiction may be based," Blumenthal v. Drudge, 992 F. Supp. 44, 53 (D.D.C. 1998), and

cannot rely on conclusory allegations, see Elemary v. Phillipp Holzmann AG, 533 F. Supp. 2d 116, 121 (D.D.C. 2008).

## ANALYSIS

Defendants argue that Brodt's complaint should be dismissed for improper venue, lack of personal jurisdiction over the defendants, improper service, failure to state a claim, and because his claims are barred by the Eleventh Amendment. Having determined that it is usually appropriate to assess venue before subject-matter jurisdiction, the Court next concludes that venue is not proper in this district. Hence, it need not decide whether subject-matter jurisdiction exists, whether Brodt's claims are barred by the Eleventh Amendment, whether L. Jesse Bane was properly served, or whether Brodt's complaint states a claim upon which relief can be granted.

### I.     Venue Is Not Proper In This District

Under 28 U.S.C. § 1391, venue is proper: in any "district in which any defendant resides, if all defendants are residents of the State in which the district is located"; in any "district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or if venue is not proper under either of those sections, in any "district in which any defendant is subject to the court's personal jurisdiction." § 1391(b)(1)-(3). Brodt alleges that the defendants "reside in this district, a substantial part of the events and errors and omissions giving rise to the claim occurred in this district, and a substantial part of the property that is the subject of the action is situated in this district." But conclusory allegations like these are insufficient, particularly because Brodt's complaint supports none of them. In any event, Brodt has conceded any argument about venue.

a.  <u>Venue is not proper under section 1391(b)(1)</u>

Harford County, Harford County District Court, Harford County Circuit Court, and Harford County Office of the Sheriff (collectively "the agency defendants") are entities organized under the laws of the State of Maryland. <u>See</u> Md. Code, Const. art. IV, §§ 1, 19, 20, 41A-41I (courts); <u>id.</u> § 19 (Harford County); <u>id.</u> § 44 (Sheriff's office). Under the venue statute, these entities are deemed to reside in any district where they are "subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2). But these defendants are not subject to this Court's personal jurisdiction with respect to this action. The Court may exercise personal jurisdiction over a non-resident defendant either by (1) finding general jurisdiction over the party, allowing the court to entertain a suit against a defendant "without regard to the claim's relationship vel non to the defendant's forum-linked activity," or (2) finding specific jurisdiction based on "acts of a defendant that touch and concern the forum." <u>Steinberg v. Int'l Criminal Police Org.</u>, 672 F.2d 927, 928 (D.C. Cir. 1981); <u>accord</u> <u>Kopff v. Battaglia</u>, 425 F. Supp. 2d 76, 81 (D.D.C. 2006).

Brodt's complaint does not allege any facts sufficient to support personal jurisdiction over any of the agency defendants. Here, the analysis is similar to the venue analysis: Brodt has not alleged any facts to support a finding of general jurisdiction over the agency defendants based on "continuous and systematic" contacts with the forum such that general jurisdiction is "reasonable and just." <u>See</u> <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 415 (1984). He also has not alleged that the agency defendants took any action in D.C. or that his claims arise out of any conduct occurring here. Simply put, none of the (non-resident) agency defendants' alleged actions connect them to D.C., so they are not subject to personal jurisdiction here. And because the agencies are not subject to this Court's personal jurisdiction, they are not

deemed to reside in D.C. under section 1391(c)(2), and hence venue is not proper under section 1391(b)(1) with respect to the agencies.

The only non-agency defendant, L. Jesse Bane, an individual sued in his official and individual capacities, is deemed to reside in the district where he is domiciled. § 1391(c)(1). Neither the complaint nor the motion to dismiss evidences Mr. Bane's domicile, and the summons issued in this case is addressed to the Harford County Sheriff's Office in Maryland. But because establishing proper venue is the plaintiff's burden, <u>Williams</u> 792 F. Supp. 2d at 62, and because nothing in the record indicates that Mr. Bane is domiciled in D.C.—something that seems unlikely given his position as a Maryland county official—the Court finds that venue is not proper with respect to Mr. Bane under section 1391(b)(1).

  b. <u>Venue is not proper under section 1391(b)(2)</u>

Nor did any of the events or omissions giving rise to the claim occur in this district. <u>See</u> § 1391(b)(2). Brodt alleges that he was improperly arrested, that he was improperly detained, and that the warrant for his arrest was deficient. Each of those alleged events took place in Harford County, Maryland. Brodt does not allege that any defendant took any action, or failed to take any action, in D.C. He also fails to allege that—to the extent any property is the subject of his action—any relevant property is located in D.C. <u>See</u> § 1391(b)(2). Indeed, Brodt's complaint is devoid of any allegations connecting his suit to this district.

  c. <u>Venue is not proper under section 1391(b)(3)</u>

The catch-all provision in section 1391(b)(3) does not apply here because the action could have been brought in the District of Maryland, where a substantial part of the alleged events or omissions took place and where the defendants reside.

d.      <u>Brodt has conceded any arguments about venue</u>

Finally, Brodt's (late) opposition brief entirely ignores defendants' arguments about venue and personal jurisdiction. "It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." <u>Hopkins v. Women's Div., Gen. Bd. of Global Ministries</u>, 238 F. Supp. 2d 174, 178 (D.D.C. 2002); <u>see also</u> <u>Harris v. CitiMortgage, Inc.</u>, 878 F. Supp. 2d 154, 163 (D.D.C. 2012) ("Because this response fails to address defendants' assertions, it concedes them."); <u>Day v. D.C. Dep't of Consumer & Regulatory Affairs</u>, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded.") (internal citation omitted). Hence, the Court finds that Brodt has conceded any argument about venue.

## II.     **Because Venue Is Improper, The Court Will Transfer The Action**

Rule 12(b)(3) instructs courts to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum. Fed. R. Civ. P. 12(b)(3). Because venue is improper in this district, this Court may either dismiss, "or if it be in the interests of justice, transfer [this] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision whether to dismiss or transfer "in the interests of justice" is committed to the sound discretion of the district court. <u>Naartex Consulting Corp. v. Watt</u>, 722 F.2d 779, 789 (D.C. Cir. 1983). Generally, the interests of justice require transferring such cases to the appropriate judicial district rather than dismissing them. <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 466-67 (1962); <u>Pendleton v. Mukasey</u>, 552 F. Supp. 2d 14, 17 (D.D.C. 2008). Venue for this action is proper in Maryland because all defendants reside there and because the alleged events giving rise

to Brodt's claims occurred in Harford County, Maryland. See § 1391(b)(1), (2). Hence, this Court may transfer the action to the District of Maryland under section 1406(a). Given the presumption in favor of transfer over dismissal, see Goldlawr, 369 U.S. at 466-67, the Court concludes that the interests of justice require transfer. Thus, the Court will transfer this case to the District of Maryland.

## CONCLUSION

For the foregoing reasons, the Court concludes that venue over Brodt's action does not lie in the District of Columbia. Under 28 U.S.C. § 1406(a), and in the interest of justice, the Court will transfer this case to the District of Maryland. A separate Order has issued this date.

/s/
JOHN D. BATES
United States District Judge

Dated: January 31, 2014